JUSTICE WEBER,
specially concurring:
I agree with the holding of the majority opinion that the cause of *10 action was not barred by the statute of limitations contained in § 27-2-204(3), MCA. I base my concurrence upon my conclusion that the plaintiff filed his action within a reasonable time after presentation of the claim to the governmental entity. That rationale is not specifically approved in the majority opinion.
As quoted in the majority opinion, § 2-9-301, MCA, provides that claims against the State of Montana must be presented to the Department of Administration and the Department must grant or deny the claim in writing sent by certified mail within 120 days. Failure of the Department to make a final disposition within 120 days after presentation “must be considered a final denial of the claim.” In addition, the statute of limitations on the claim is tolled by 120 days.
Unfortunately the legislature did not make any provision with regard to the time limitations on claims made to a political subdivision. Under paragraph (3) of the same code section, such claims are required to be presented to the clerk or secretary of the political subdivision. There is no reference to the manner of responding on the part of the political subdivision or its clerk, nor is there any reference to an extension for statute of limitation purposes. I would hope that this absence will be noted by the legislature and cared for in future legislation.
While I generally agree that this Court should not legislate on matters, I question that the application of a reasonable time standard constitutes legislation for this purpose. Here plaintiff waited more than 14 months after filing his claim with the City-County before he filed his complaint in District Court. Notwithstanding that wait, because the complaint was filed within three years of the original date of injury, I conclude that the filing occurred within a reasonable time. I therefore join in the majority opinion.
The holding of the majority indicates there is no time limitation which begins to run until the claimant actually receives notice of the County Board’s denial of the claim. Had the plaintiff here delayed 14 years from the filing of his claim to the filing of the District Court complaint, I would conclude that was an unreasonable time which barred his right to recover.
The majority has also provided that the six month period of limitation does not begin to run until the claimant “receives notice” of the denial of his claim. That is even more strict than the statutory requirement with regard to the State of Montana, which only requires the State to send their denial by certified mail. I do not agree with that conclusion.